# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TROY LEWIS RICHEY,

                  Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                  Defendant.

Case No. 13-CV-1072-JPS

ORDER

Plaintiff Troy Lewis Richey brings this suit under 42 U.S.C. § 405(g) for judicial review of a final decision of the Social Security Administration denying his applications for Supplemental Security Income and Disability Insurance Benefits for lack of disability. (Docket #1); (Tr. 1-6); (Tr. 9-22).

In particular, Plaintiff appeals from the adverse orders issued by: (i) Administrative Law Judge Carla L. Waters ("ALJ Waters") on May 24, 2013 (finding Plaintiff not disabled) (Tr. 9-22); and (ii) the Appeals Council on August 22, 2013 (denying Plaintiff's request for review of ALJ Waters' decision) (Tr. 1-6).

Plaintiff argues, *inter alia*, that ALJ Waters breached her duty to develop a full and fair record with regard to his sole mental impairment: anxiety.[1]

In the course of ALJ Waters' "fact-finding proceeding" (held approximately one month before her written decision issued), Plaintiff testified that "anxiety attacks" "affect[ed] [him] a lot" on a daily basis. (Tr.

---

[1] ALJ Waters found that Plaintiff had "the following severe impairments: degenerative disk [sic] disease of the cervical and lumbar spines [sic], sleep apnea, obesity, status post arthroscopic left knee surgery, chronic obstructive pulmonary disease and ulcerative colitis." (Tr. 14).

71). Plaintiff explained that he was prescribed Sertraline (the generic form of Zoloft) for his anxiety but "had to stop taking it" due to a potential cardiovascular complication. (Tr. 63). In response, ALJ Waters proceeded to ask questions about the findings of Plaintiff's cardiologist (*id.*), prodding no further about Plaintiff's anxiety. *See* (Tr. 63 and 71).

In finding Plaintiff's anxiety not severe, ALJ Waters' written decision reasons, in relevant part, as follows:

> According to the record, the claimant has reported having feelings of anxiety "on and off" since his divorce. However, during the relevant period, the claimant has not required much medical care for these symptoms. Contrary to the claimant's testimony that he experiences nightly anxiety attacks, on one of the few occasions that the claimant mentioned his feelings of anxiety to a health care provider, in October 2012, he stated that his symptoms were "not too bothersome" (Exhibit 9F). Therefore, because the record does not contain any medically acceptable clinical or laboratory diagnostic techniques or findings substantiating a diagnosis based on the claimant's anxiety symptoms or an indication that the claimant's symptoms caused work-related limitations for the requisite 12-month period, his reported symptoms, standing alone, cannot be considered a severe impairment."

(Tr. 15).

"Although a claimant has the burden to prove disability, the ALJ has a duty to develop a full and fair record. *See Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir.1991). Failure to fulfill this obligation is 'good cause' to remand for gathering of additional evidence. *Id.* at 586." *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000).

Here, the portion of ALJ Waters' written decision finding Plaintiff's anxiety not severe contains only *one* citation to the evidentiary record: Exhibit 9F. (Tr. 15-16). Exhibit 9F comprises Dr. Kshama Keshava Bhat's notes

concerning Plaintiff's initial and follow-up examinations on six dates spanning from October 10, 2012, to December 3, 2012. (Tr. 367-392). Dr. Bhat's notes dated October 15, 2012, refer Plaintiff to a specialist for further consideration of his "ANXIETY DISORDER NOS [(Not Otherwise Specified)]" (Tr. 376). Dr. Bhat's notes on Plaintiff's next *four* follow-up visits each contain the same notation with regard to Plaintiff's anxiety: "awaiting to be seen by WCMH [sic]." (Tr. 378, 382, 385, and 389); (Docket #12, p. 11 at n. 37). The last of these notes in Exhibit 9F—dated December 3, 2012—indicates that Dr. Bhat prescribed Plaintiff Sertraline to address his anxiety while Plaintiff continued to wait for a specialist mental health consultation. (Tr. 389).

To be sure, "[a]lthough an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, [s]he may not ignore entire lines of contrary evidence." *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012). Here, the ALJ's written decision—which cited *only* Exhibit 9F to support her finding that Plaintiff's anxiety was not severe—failed to account for the aforementioned evidence *within that very same exhibit* explaining the absence of diagnostic evidence: Plaintiff was waiting for a specialist mental health examination.

Moreover, for each of Plaintiff's *six* follow-up visits after being prescribed Sertraline for his anxiety (December 18, 2012, through February 15, 2013), Dr. Bhat's treatment notes reflect that Plaintiff was still "awaiting to be seen by WCMH [sic]" for his anxiety, however Plaintiff was told (by whom, the record is not clear) to stop taking Sertraline due to premature ventricular contractions. (Tr. 443, 447, 452, 455, 459, and 467)[2]; (Docket #12,

---

[2] These pages in the administrative transcript form part of Exhibit 12F.

p. 11 at n.37). The last of these notations—February 15, 2013—precedes Plaintiff's testimony before ALJ Waters on April 30, 2013 (Tr. 48) by only two and a half months, yet ALJ Waters' written decision accounts for none of these updates.

Therefore, the Court is obliged to conclude that ALJ Waters' written decision ignored treatment notes documenting *ten* follow-up visits by Plaintiff to Dr. Bhat—both in Exhibit 9F (which ALJ Waters cited approvingly to justify finding Plaintiff's anxiety not severe) and Exhibit 12F—each of which explains the dearth of clinical or diagnostic findings addressing the "anxiety attacks" that Plaintiff testified "affect[ed] him a lot" on a daily basis: Plaintiff was waiting to be seen by a mental health specialist at WCMH.[3]

The Department of Justice seeks to defend ALJ Waters' written decision by reasoning that Plaintiff "is presumed to have made his best case before the ALJ" because he was represented by counsel. *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007); (Docket #13 at 11). But here, evidence that Plaintiff was awaiting specialist evaluation for his anxiety *was already in the record* in both Exhibits 9F and 12F—ALJ Waters' written decision simply ignored it, going so far as to cite Exhibit 9F *approvingly* in discounting Plaintiff's anxiety testimony "because" of the absence of clinical or diagnostic findings. (Tr. 15).

With the benefit of the foregoing analysis, the Court is obliged to conclude that the bridge ALJ Waters drew between the absence of clinical or diagnostic findings concerning Plaintiff's claimed anxiety attacks and the record (in particular, Exhibit 9F, cited approvingly by ALJ Waters) was

---

[3] Although this acronym does not appear to be defined in the record, it would appear to be a reference to Waukesha County Mental Health Center in Waukesha, Wisconsin.

illogical. "If the evidence on which the ALJ relied does not support her conclusion, the decision cannot be upheld." *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) (citation omitted).[4]

---

[4] Apart from the foregoing analysis, the Court will address one particularly troublesome portion of the government's brief in this case.

"Under the *Chenery* doctrine, the Commissioner's lawyers cannot defend the agency's decision on grounds that the agency itself did not embrace. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87–88, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir.2010)." *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012).

Here, the Department of Justice ("DOJ") appears to defend ALJ Waters' development of the record with regard to Plaintiff's claimed anxiety by citing various evidence in the administrative transcript *not* addressed in ALJ Waters' written decision. *Compare* (Tr. 12-22) with (Docket #13 at 12). That brief was filed by the government on May 5, 2014, over one year after Judge Posner admonished the government for "[c]haracteristically, and sanctionably…violat[ing] the *Chenery* doctrine" in a brief filed in *Hughes v. Astrue*, 705 F.3d 276, 279 (7th Cir. 2013).

However, the offending brief in this case was filed by the government approximately three months before Judge Posner once again highlighted this issue in *Hanson v. Colvin*, ___ F. Supp. 3d ___, 2014 WL 3732910 (7th Cir. July 30, 2014), writing:

> We are particularly concerned about the *Chenery* violations committed by the government because it is a recurrent feature of the government's defense of denials of social security disability benefits, as this court has noted repeatedly. *See, e.g., Pierce v. Colvin*, 739 F.3d 1046, 1050 (7th Cir. 2014); *Hughes v. Astrue*, 705 F.3d 276, 279 (7th Cir. 2013); *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012); *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012); *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011); *Spiva v. Astrue*, 628 F.3d 346, 348 (7th Cir. 2010); *Campbell v. Astrue*, 627 F.3d 299, 307 (7th Cir. 2010); *Larson v. Astrue*, 615 F.3d 744, 749 (7th Cir. 2010); *McCleskey v. Astrue*, 606 F.3d 351, 354 (7th Cir. 2010); *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010). This is professional misconduct and if it continues we'll have to impose sanctions.

In the wake of the Seventh Circuit's admonitions, the DOJ should consider uniting each evidentiary citation in its opposition briefs with a parallel citation to the corresponding page in the agency's written decision.

Thus,

IT IS ORDERED that the decision of the Commissioner of Social Security be and the same is hereby VACATED;

IT IS FURTHER ORDERED that this cause be and the same is hereby REMANDED to the Social Security Administration, pursuant to Sentence Four of 42 U.S.C. § 405(g), for a rehearing; and

IT IS FURTHER ORDERED that, on remand, the ALJ shall issue a new decision consistent with all applicable rules and regulations as interpreted in relevant Seventh Circuit case law.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of August, 2014.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge